UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GISELLE MAURICE,

                Plaintiffs,        **COMPLAINT**

                                                    **PLAINTIFF DEMANDS A TRIAL BY JURY**

LYNSEY PLASCO- FLAXMAN
AND JOEL PLASCO,
                Defendants.

----------------------------------------------------------------x

Plaintiff, Giselle Maurice, through her counsel, SLATER SLATER SCHULMAN LLP hereby submits this Complaint and complains of the DEFENDANTS, upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to 42 U.S.C. § 1981 and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to intentional race discrimination and a failure to hire due to her race.

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question and 42 U.S.C. §1981.

3. Venue is proper in this District base upon Defendants residence being subject to personal jurisdiction within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(d).

4. Defendants keep a summer rental at 94 Kellis Pond Lane, Watermill, New York 11976.

5. Defendants keep a New York City address at 40 Walker Street, New York, New York 10013.

## PARTIES

6. Plaintiff is an African-American woman who resides in Brooklyn, New York.

7. Defendants Lynsey Plasco-Flaxman and Joel Plasco (Hereinafter "Defendant" or "Defendants") are a married couple with residences in both Suffolk County, New York and New York, New York.

## FACTS

8. Plaintiff is an experienced nanny who came highly recommended to Defendant Lynsey Plasco-Flaxman.

9. On or around July 29, 2016, Plaintiff received a text message from Defendant Lynsey Plasco- Flaxman regarding a nanny to care for her newborn baby.

10. Defendant Lynsey Plasco- Flaxman received Plaintiff's name from an associate of Plaintiff's named Patty (Last Name Unknown).

11. The parties set up a time to discuss the position over the phone.

12. When the parties spoke, the conversation centered on what Defendant was looking for, when Plaintiff could start, how long the position would last, and how much Defendant was willing to pay.

13. Plaintiff and Defendant agreed on three hundred fifty dollars ($350.00) a day for seven days a week and lodging.

14. Plaintiff and Defendant agreed that Plaintiff would stay with Defendant for six (6) months and the position was likely to be extended. The nanny for Defendants oldest child stayed in her position for four (4) years.

15. Plaintiff agreed to meet Defendant on Long Island on August 8, 2016. Defendant Lynsey Plasco- Flaxman, however, insisted that she was having trouble with her current nanny so Plaintiff decided to go to Long Island on August 4, 2016.

16. Defendant and Plaintiff texted periodically while Plaintiff traveled to Long Island on August 4, 2016.

17. Around 1:47 p.m. Defendant Lynsey texted Plaintiff that she was in a Black Range Rover.

18. Plaintiff stepped off the train and walked around looking for Defendants' Range Rover.

19. Eventually, Plaintiff cleared an obstacle and started walking towards Defendants' car.

20. Around 1:49 p.m. Defendant attempted to send a text message to her husband Defendant Joel Plasco.

21. The text message intended for Defendant Joel Plasco instead went to Plaintiff.

22. The text of the message read, "**NOOOOOOOOOOO ANOTHER BLACK PERSON**."

23. Defendant Lynsey Plasco- Flaxman sent the text message "**NOOOOOOOOOOO ANOTHER BLACK PERSON**." Again at 1:50 p.m.

24. Defendant Lynsey Plasco- Flaxman did not realize the unashamedly racist text message was sent to wrong person at that time.

25. Defendant Lynsey Plasco- Flaxman got out of her car and greeted Plaintiff and stated how nice it was to meet her.

26. Defendant Lynsey Plasco- Flaxman again explained the current nanny situation and what she expected of Plaintiff.

27. Upon arriving at the Defendants' residence, Defendant Lynsey Plasco- Flaxman introduced Plaintiff to her family and showed her where Plaintiff would sleep. Defendant Lynsey Plasco- Flaxman told Plaintiff to get comfortable.

28. Shortly after leaving Plaintiff, Defendant must have realized that she sent the text message "**NOOOOOOOOOOO ANOTHER BLACK PERSON**." to Plaintiff.

29. Defendant tried to explain that the text was meant for her husband and not Plaintiff.

30. Defendant Lynsey Plasco- Flaxman stated that she was uncomfortable and needed to terminate Plaintiff.

31. Defendant Lynsey Plasco- Flaxman stated that the outgoing nanny was also African-American and did not do her job properly.

32. Defendant Lynsey Plasco- Flaxman clearly stereotyped Plaintiff based on her experience with the former African – American nanny.

33. Defendant Lynsey Plasco- Flaxman stated that she was expecting a Filipino nanny and not an African- American.

34. Defendant Lynsey Plasco- Flaxman stated to Plaintiff that they are not racist although they clearly stereotyped Plaintiff based on their experience with the outgoing African-American nanny.

35. It is clear that Defendants intentionally discriminated against Plaintiff on the basis of her race.

36. It is clear that Defendants have a pattern and practice of discrimination.

## AS A FIRST CAUSE OF ACTION DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

37. Plaintiff repeats and realleges by this reference the allegations set forth in the above paragraphs of this complaint.

38. Section 1981 states as follows, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

39. The section further states that "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

40. Defendants' discrimination against Plaintiff is in violation of the rights of Plaintiff as afforded to her by the Civil Right Act of 1866, 42 U.S.C. 1981.

41. By the conduct described above, Defendants intentionally deprived the Plaintiff an African American of the same rights as are enjoyed by White citizens to the creation, performance, enjoyment, and all benefits and privileges of her contractual employment relationship with Defendants.

42. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and have suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling her to compensatory damages.

43. Defendants acted with malice or reckless indifference to the rights of the above-named African American thereby entitling her to an award of punitive damages.

44. To remedy the violations of the rights of Plaintiff secured by Section 1981, Plaintiff requests that the Court award Plaintiff the relief prayed for below.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:   Melville, New York
         September 26, 2018

                                        SLATER SLATER SCHULMAN LLP


                                        *John C. Luke, Jr.*
                                        John C. Luke, Jr.
                                        *Attorneys for Plaintiff*